## THE GRETNA GREEN.

*(District Court, S. D. Ohio.  1883.)*

1. NAVIGATION LAWS—INTERSTATE COMMERCE—DOMESTIC TRAFFIC.
    The navigation laws do not apply to the case of a vessel whose trips are confined to points inside one state and have no connection with any point outside that state.

2. SAME—POWERS OF CONGRESS—DISPOSITION OF THE COURTS—OBITER DICTA.
    Congress has the power to prescribe the law of the highway so far as may be necessary to protect interstate commerce, but no court will undertake to expound the constitution, and declare incidental powers, unless the question is directly presented and the case imperatively requires it.

3. SAME—STEAMER—BARGES IN TOW—EFFECT IN LAW.
    A steamer being subject to the navigation laws, the mere fact that she took barges in tow has nothing to do with the proper navigation of the river.

At Law.

*Channing Richards*, U. S. Dist. Atty., for plaintiff.

*William H. Jones* and *Moulton, Johnson & Levy*, for defendant.

SAGE, J.   This is an action to recover $200 penalty upon each of the two counts of the petition for violation of section 4492, Rev. St. The allegations of the first count are that on the twenty-first day of September, 1881, John C. Powers, the defendant, was sole owner of the Gretna Green, a steam-boat duly enrolled and licensed under the laws of the United States; that on that day she towed two barges, carrying a large number of passengers, on the Ohio river, from Maysville, Kentucky, to a point in Mason county, Kentucky, occupied as a "fair grounds," and that the barges were not then and there supplied with life-preservers, axes, buckets, etc., as prescribed by the board of supervising inspectors of steam-boats under the laws of the United States.  The second count is for like penalty for towing the barges from "fair grounds" back to Maysville, the same day.  The defendant demurred on the ground that the navigation laws of the United States were not applicable to these barges, inasmuch as they were not employed in interstate commerce.

In the case of *Gibbons* v. *Ogden*, 9 Wheat. 1, the supreme court of the United States decided that the power of congress comprehends navigation within the limits of every state in the Union, so far as

that navigation may be connected with commerce with foreign nations, or among the several states, or with the Indian tribes, and that it might pass the jurisdiction and lines of a state.

In *Sinnott* v. *Com'rs*, 22 How. 227, the supreme court held that the law of commercial navigation of the country is placed by the constitution under the regulation of congress, and all laws passed by that body in the regulation of navigation and trade, whether foreign or coastwise, is therefore but the exercise of an undisputed power.

When, therefore, an act of the legislature of a state prescribes a regulation on the subject repugnant to and inconsistent with the regulation of congress, the state law must give way. But the supreme court also held that the power of congress over the subject does not extend further than the regulation of "commerce with foreign nations and among the several states, and with the Indian tribes."

Coming down to the case of *The Daniel Ball*, 10 Wall. 557, the supreme court held that the limitation of the power of congress over "commerce with foreign nations, among the several states, and with the Indian tribes," necessarily excluded from federal control all that commerce which is carried on entirely within the limits of a state, and does not extend to or affect other states.

Then, in *Hall* v. *De Cuir*, 95 U. S. 485, where a steam-boat plying between New Orleans, Louisiana, and Vicksburg, Mississippi, took on board at New Orleans a colored woman for Hermitage, a landing-place in Louisiana, who was refused accommodation, on account of color, in the cabin set apart for white persons, and brought suit under an act of the general assembly of Louisiana to enforce a provision of the constitution of that state, and for $75,000 damages, it was held by the supreme court that inasmuch as the steamer was engaged in interstate commerce, she was not subject to the legislative control of the states along the line of the river where she navigated, but that the legislation of congress applicable to her navigation was exclusive, and the judgment of a state court of Louisiana against the boat was set aside.

In all these cases the limitation of the power of congress to the control of commerce among the several states is distinctly recognized, and also that congress has no power to make navigation, or to control the commerce which is entirely within the limits of a state. It is true that, in the case of *The Daniel Ball*, the steamer was plying on the Grand river, altogether within the state of Michigan, but she was carrying freight down the river destined to points outside the state of Michigan, and bringing freight up the river which was from points outside the state to points in the state, and it was therefore held that she was engaged in interstate commerce; that it was not necessary that the freight should be carried on the same vessel from one state to the other.

In the case at bar the petition shows that the barges were being

towed from one point in Kentucky to another point in the same state, and that her trips had no connection whatever, by any possible construction, with any point outside the state of Kentucky. The navigation laws of the United States, then, clearly, do not apply.

But it was argued with great ingenuity that inasmuch as the Ohio river is a great highway for interstate commerce, congress has the power, incidental it may be, to enact the law of that highway; otherwise, a steam-boat plying exclusively between points of the same state might refuse to recognize a code of signals for meeting and passing prescribed in accordance with the act of congress. But that is not this case. The complaint is that the barges were not provided with the means of safety for passengers as prescribed by congress. They were in tow of a steamer which, the petition shows, was regularly enrolled and licensed, and subject to the laws of congress. It may be that congress has the power to prescribe the law of the highway so far as may be necessary to protect the interstate commerce, but no court will undertake to expound the constitution and declare incidental powers, unless the question is directly presented, and the case imperatively requires it. The steamer which had these barges in tow, being subject to the navigation laws of the United States, the mere fact that she took in tow the barges had nothing to do with any interference with the proper navigation of the Ohio river.

In the judgment of the court the navigation laws of the United States have no application to the case presented by the petition. The demurrer is therefore sustained, and the petition dismissed.